UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL RAYNOR,<br>      Plaintiffs, | :<br>:<br>: |
| v. | :     3:08-cv-1705 (WWE) |
| | : |
| SHOCK DOCTOR, INC. and<br>BLANCHETTE'S SPORTING GOODS, INC.,<br>      Defendants. | :<br>:<br>: |

## MEMORANDUM OF DECISION ON MOTION TO REMAND

Plaintiff filed this action in Connecticut Superior Court. Defendant Shock Doctor, Inc. subsequently removed it to this Court on the basis of diversity pursuant to 28 U.S.C. § 1332. Now pending before the Court is plaintiff's motion to remand this proceeding back to the superior court (Doc. #6).

## BACKGROUND

On April 22, 2008, plaintiff filed suit against defendant Shock Doctor and Blanchette's Sporting Goods, Inc., alleging that Shock Doctor designed and marketed a defective protective cup which Blanchette's sold.[1] Such defective cup led to plaintiff receiving injuries while playing lacrosse for Yale University. In his complaint, plaintiff asserts that he is a citizen of the State of Connecticut. When the case was filed, plaintiff was a student at Yale University; his parents lived in New Jersey. Shock Doctor is a Minnesota corporation with a principal place of business in Minnesota. Although Blanchette's has yet to file an answer in this action, the parties believe that it is a Connecticut corporation with a principal place of business in Connecticut.

---

    [1]   Defendants state that the manufacturer is an as-yet-unknown Chinese company who will be impleaded into this action at a later date.

Defendants assert that they removed this action on November 7, 2008 because they were unable to identify the state of plaintiff's citizenship prior to that date. After sufficient discovery was conducted to alert them of this fact, they removed this action to federal court.

**DISCUSSION**

A party may remove a case from state court to federal court only if the action is one over which the federal court has jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1446(b), a case originally filed in state court can only be removed within thirty days after receipt of a pleading, motion, order or other paper from which it "may first be ascertained that the case is one which is or has become removable."

On a motion to remand, the court construes all factual allegations in favor of the party seeking the remand. Metro. Prop. & Cas. Ins. Co. v. J.C. Penney Casualty Ins. Co., 780 F. Supp. 885, 887 (D. Conn. 1991). Moreover, defendants, as the parties removing the action to federal court, have the burden of establishing federal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

**I.    Location of Plaintiff's Domicile**

There is jurisdiction pursuant to 28 U.S.C. § 1332 only where there is complete diversity of the parties. For an individual, his citizenship is based on his domicile as of the date of the complaint. See Spanos v. Skouras Theaters Corp., 364 F.2d 161, 163 (2d Cir. 1966). A domicile requires presence and an intent to stay. Texas v. Florida, 306 U.S. 398, 424 (1939).

Here, the parties disagree about whether there is diversity of the parties. Plaintiff

contends that he was a citizen of Connecticut as a student at Yale University. Defendants counter that a college student generally retains the domicile of his parents while he attends university. Courts have recognized a presumption that a college student retains the domicile of his parents even where he travels outside of his home state for university and has no intention of returning to his home state. See <u>Hakkila v. Consolidated Edison Co.</u>, 745 F. Supp. 988, 990 (S.D.N.Y. 1990) (finding that college student was not domiciled at university even though she did not return to her mother's home); <u>Scoggins v. Pollock</u>, 727 F.2d 1025, 1027 (11th Cir. 1984) (finding domicile did not change even though student did not intend to return to parents' home after graduation).

The only evidence of plaintiff's intentions relating to Connecticut as his domicile come from his affidavit in support of remand. In that affidavit, plaintiff avers that from 2004 through 2008, he resided in Connecticut and leased an apartment in New Haven that he paid for himself. Prior to the summer of 2007, he had applied for internships in Connecticut with the aim of being hired for full-time employment. In the summer of 2007, however, he interned for a company in New York, and moved to New York in May 2008 to start working for that company.

Plaintiff moved to New York in May 2008, while this action was commenced in April 2008. The Court has a difficult time believing that in April, plaintiff had a future intention to stay in Connecticut, when he moved to New York the following month to begin employment. Plaintiff's affidavit also lacks other indicia of an intent to remain in Connecticut. There is no evidence that plaintiff acquired a Connecticut drivers' license, opened Connecticut bank accounts, registered to vote in Connecticut or paid taxes in

Connecticut.  See, generally, Hamilton v. Accu-Tek, 13 F. Supp. 2d 366, 369-370 (E.D.N.Y. 1998) (listing indicia of student's intentions regarding domicile).  Further, and most importantly, plaintiff did not aver that in April 2008 he intended to remain in Connecticut indefinitely.

## II.     Unanimity of Defendants' Removal

Courts have construed 28 U.S.C. § 1446 to require that all defendants consent to removal.  See, e.g., Edelman v. Page, 535 F. Supp. 2d 290, 293 (D. Conn. 2008) ("Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely."); Bill Wolf Petroleum Corp. v. Port Wash. North, 489 F. Supp. 2d 203, 207 (E.D.N.Y. 2007).  Although this "rule of unanimity" is to be strictly enforced, it does have exceptions.  "A party asserting proper removal may raise an exception to the unanimity rule when: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; or (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)."  Snakepit Auto., Inc. v. Superperformance Int'l, LLC, 489 F. Supp. 2d 196, 201-202 (E.D.N.Y. 2007).

Defendants here contend that Blanchette's is merely a nominal party because they only filled Yale University's order for protective cups and did not otherwise change or alter the product.  Therefore, they argue that an exception to the rule of unanimity applies.  See Samson-United Corp. v. Sears, Roebuck & Co., 103 F.2d 312, 313 (2d Cir. 1939) ("The named defendant sold fans ... but is only a nominal party as the defense is being conducted by the manufacturer of the accused fans...."); see also

Bradley v. Maryland Casualty Co., 382 F.2d 415, 419 (8th Cir. 1967) (third-party defendants were nominal parties and did not have to join in removal where there was a settlement as to the claims against them).  Although a seller of a defective product can be found liable in a product liability action, Shock Doctor's insurance provider is conducting the defense and will cover any recovery against Blanchette's, Blanchette's is a nominal party whose lack consent to removal is forgiven.[2]

### III.   Timeliness of Shock Doctor's Notice of Removal

Plaintiff also argues that removal in this case is not proper because Shock Doctor did not remove this case until five months after it have been commenced – after the time limit prescribed by section 1446(b).  That statute provides

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of ... [a] paper from which it may first be ascertained that the case is one which is or has become removable....

Shock Doctor contends that it removed the case as soon as it learned that it was removable.  Any delay, it argues, was due to plaintiff's initial claims that he is a citizen of Connecticut, when in fact he is not.  Shock Doctor asserts that it learned of plaintiff's true domicile on October 22, 2008 and filed a Notice of Removal on November 10, 2008, within the thirty-day period.  The delay, defendants allege, was due to plaintiff's failure to promptly comply with discovery requests.  Because plaintiff does not dispute this excuse, the Court finds that Shock Doctor's Notice of Removal was timely filed

---

[2]   Contrary to defendants' statements, Blanchette's has yet to consent to removal to the Court, as there is no indication of such on the case docket.  The Court takes no position on whether Blanchette's may still do so under 28 U.S.C. § 1446.  As a nominal party, however, Blanchette's is not required to do so.

5

under section 1446(b).

IV.     **Timeliness of Shock Doctor's Statement Pursuant to the Standing Order on Removed Cases**

Plaintiff last argues that Shock Doctor filed its statement pursuant to the Standing Order on Removed Cases after the deadline to do so had expired. The Standing Order provides that within five days of filing a notice of removal, the removing party file a statement that includes information related to the case posture. The Standing Order does not include a penalty for failure to comply. This case was removed on November 7, 2008; Shock Doctor filed such a statement on November 21.

Plaintiff does not allege any prejudice from Shock Doctor's failure to promptly file the required statement. Nor does the Court see how any prejudice could come from this delay. Therefore, the Court will excuse such delinquency.

Accordingly, the Court will deny plaintiff's motion to remand.

## CONCLUSION

For the reasons set forth above, plaintiff's Motion for Remand (Doc. #6) is DENIED.

Dated at Bridgeport, Connecticut, this 11th day of February, 2009.

```
                            /s/
                    Warren W. Eginton
                    Senior United States District Judge
```